IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO

**MIGUEL GOMEZ-BENABE,**
    Petitioner,

v.

**UNITED STATES OF AMERICA,**
    Respondent.

**CIVIL NO. 07-1067 (PG)**

## OPINION AND ORDER

Petitioner Miguel Gomez-Benabe (hereinafter, "Petitioner" or "Petitioner Gomez-Benabe") proceeding pro se has filed a Motion Under Title 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence, along with an Affidavit in support of the Motion. (D.E. # 1). The Government has filed a Response to Petitioner's Motion Under 28 U.S.C. Section 2255. (D.E.# 4). Petitioner filed his Reply to the Government's response. (D.E. # 5). For the reasons stated below, Petitioner Gomez-Benabe's motion pursuant to Title 28 U.S.C. Section 2255 is hereby **DENIED**.

### I. BACKGROUND

Petitioner pled guilty to Counts One and Three of the four count Indictment in Cr. No. 02-143 and Count Two of the two count Indictment in Cr. No. 02-391, which charged violations of 18 U.S.C. Sections 924(c) and 2 and Title 21 U.S.C. Sections 841 and 853. (D.E. # 2, 02-391 and D.E. # 11, 02-143). Sentencing was held on April 21, 2003. (D.E. # 178, 02-391; D.E. # 62, 02-143). Petitioner was sentenced to a term of one hundred twenty (120) months imprisonment as to Count One in case 02-143 and sixty (60) months imprisonment as to Count Three in case 02-143, to be served consecutively to each other. Petitioner was also sentenced to five (5) years of supervised release as to Count One of case 02-143 and three (3) years of supervised release as to Count Three of case 02-143, to be served

Civil No. 07-1067 (PG) Page 2

concurrently with each other (D.E. # 63, 02-143; D.E. # 179, 02-391).

On direct appeal Petitioner presented two allegations. First, he alleged that the Court erred when it determined that the plea was entered knowingly and with understanding. Petitioner also claimed that at the change of plea hearing the Court failed to instruct him regarding the elements of possession of a firearm during a drug related offense. Convictions were affirmed on appeal.[1] Judgment and conviction were entered on October 31, 2006. Defendant's Gomez-Benabe's petition for relief pursuant to section 2255 was filed on January 25, 2007. (D.E. # 1).

## II. DISCUSSION

In his petition under 28 U.S.C. Section 2255, Petitioner Gomez-Benabe claims that Counsel was ineffective for failing to file sufficient evidence to support his appeal. Petitioner also alleges that at the change of plea hearing the Court failed to inform him of all the elements of the 924(c) charge.

**A. Failure to file sufficient evidence to support appeal**

Petitioner's allegation that counsel was ineffective for failing to file sufficient evidence on appeal is made without any supporting facts. However, the Court surmises that Petitioner is referring to the failure to present the sworn affidavit attached to his petition. The affidavit in support of Petitioner's motion

---

[1] In issuing its Judgment, the First Circuit Court of Appeals stated:
> Appellant seeks to have his plea vacated. We reject his contention that the nature of the drug involved in the offense to which he pled was not made clear during the change of plea hearing, which contained countless references to heroin. Appellant has failed to demonstrate plain error in regard to his plea of guilty to violation of 18 U.S.C. Section 924(c). While the elements of the offense should have been spelled out more precisely in the relevant count of the indictment and at the change of plea hearing, the indictments, viewed as a whole, provided ample notice of the nature of the charge, that is, that appellant possessed a firearm in furtherance of his drug offense. Under United States v. Delgado-Hernandez, 420 F.3d 16 (1st Cir. 2005), appellant has failed to demonstrate prejudice under the plain error test, as he does not indicate that he would not have entered a guilty plea had the firearm charge been worded with more precision throughout the proceedings. The judgment is affirmed.

United States v. Miguel Gomez-Benabe, Case Nos. 03-2319; 03-2361 (1st Cir. October 31, 2005).

asserts that appellate counsel was ineffective because he failed to submit to the Court of Appeals his sworn affidavit and makes several allegations: (1) he denies having knowledge of the weapon located in the vehicle in which he was arrested; (2) he alleges he had no intention of carrying nor possessing a weapon in furtherance of the crime; (3) he asserts that he was never advised on the elements of the weapon's charge and that there had to be a nexus between the crime and the weapon; and (4) he states that had he known of the nexus he would not have pleaded guilty to the weapon's charge.

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). But "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991) (citation omitted), cert. denied, 502 U.S. 1079.

To establish ineffective assistance of counsel, a petitioner must show that the attorney's performance was deficient and that the deficiency prejudiced the defense. Strickland, 466 U.S. at 687. In order to establish deficiency, a petitioner must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Id. at 688. Counsel is presumed to have acted within the range of "reasonable professional assistance," and it is petitioner who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy." Id. at 689. In order to show prejudice, a petitioner must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694.

Claims of ineffective assistance of appellate counsel are measured under the Strickland standard. Evitts v. Lucy, 469 U.S. 387 (1985). Tactical choices regarding issues on appeal are properly left to the sound judgment of counsel. Jones v. Barnes, 463 U.S. 745, 751 (1983). Appellate counsel is not required to raise every non-frivolous claim, but rather select among them to maximize the likelihood of success on the merits. Lattimore v. Dubois, 311 F.3d 46, 57 (1st Cir. 2002). Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, it is difficult to demonstrate that

Civil No. 07-1067 (PG) Page 4

counsel was incompetent. Smith v. Robbins, 528 U.S. 259, 288 (2000).  To overcome the presumption of competence of appellate counsel in these circumstances, a petitioner must show that the omitted issues were clearly stronger than those counsel chose to assert. Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986); Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002).

In the present case, Petitioner cannot second-guess appellate counsel's performance.  Counsel's strategy was centered on challenging the knowing and voluntarily nature of the plea on the narcotics offense, and what he perceived as deficiencies in the plea colloquy in relation to the weapon's charge. Counsel was aware that Petitioner had acknowledged possession of the weapon during the change of plea hearing and he could not mount a direct challenge to the plea.

The plea agreement specifically states that the defendant agreed to plead guilty to possession of a firearm in "relation to a drug trafficking crime..." in case number 02-143. (Plea Agreement, p.1) (D.E. # 52 ).  Also, the record reflects that Petitioner was properly advised of the nature of the offense.  During the plea, the Court addressed Petitioner regarding the firearms offense charge:

THE COURT: In count three you are charged that on that same day, March 5th, 2002, again aiding and abetting Richard Rivera or both one another, did knowingly possess a firearm.  That is a Smith and Wesson 40 caliber pistol, which was in relation to a drug trafficking crime that was possession with intent to distribute 1 kilogram of heroin.  That is what you are charged with in count three and I ask you, is that what you did?

DEFENDANT: Yes.

THE COURT: And that is what you are pleading guilty to this morning in that count?

DEFENDANT: Yes, sir.

(C.O.P. Tr., p.20).

The affidavit proposed by Petitioner would have constituted a second challenge to the knowing and voluntary nature of the plea.  The affidavit could have nullified the strategy developed by counsel and could have been viewed as an obstruction of justice, since it was made under oath and directly

Civil No. 07-1067 (PG) Page 5

contradicts Petitioner's statements during the change of plea proceedings. If counsel opted not to file the sworn affidavit provided by Petitioner, the decision fell within his sound discretion. Counsel's decision not to submit the sworn affidavit was reasonable, and therefore, Petitioner's allegation that counsel was ineffective for failing to file his sworn affidavit fails.

### B.  Failure to inform Petitioner of all the elements of the 924 (c) charge

Petitioner's allegation that the Court failed to inform him all the elements of the 924(c) charge, is a matter that was previously raised and settled on appeal. Claims which were previously settled on direct appeal cannot be revisited through a collateral proceeding. Withrow v. Williams, 507 U.S. 680, 720-721 (1993). Section 2255 motions may not be used as vehicles to re-litigate issues that were raised on appeal absent extraordinary circumstances, such as an intervening change of law or newly discovered evidence. Davis v. United States, 417 U.S. 333, 342 (1974); Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1993). Since Petitioner adds nothing new to his previously resolved claim, his allegation on the elements of the 924(c) charge also fails.

### III.  CONCLUSION

For the reasons stated above, the Court concludes that Petitioner **MIGUEL GOMEZ-BENABE** is not entitled to federal habeas relief on the claims presented. Accordingly, it is ordered that Petitioner **MIGUEL GOMEZ-BENABE'**s request for habeas relief under 28 U.S.C. Section 2255 (D.E. # 1) be **DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Section 2255 be **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of March, 2010

                                        **S/JUAN M. PEREZ-GIMENEZ**
                                        **JUAN M. PEREZ-GIMENEZ**
                                        **Senior United States District Judge**